STATE of Wisconsin, Plaintiff-Respondent,

v.

Earl L. SCHOENHEIDE, Defendant-Appellant.

Court of Appeals

*No. 80–2299. Submitted on briefs August 6, 1981.—*
*Decided August 25, 1981.*
(Also reported in 310 N.W.2d 650.)

For the defendant-appellant the cause was submitted on the brief of *Lauer, Meyer & Sage* of Clintonville.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Mary V. Bowman,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.    Defendant appeals from a judgment of conviction of operating a motor vehicle while under the influence of an intoxicant, in violation of sec. 346.63, Stats., and from an order denying his subsequent motion for a new trial. Defendant claims he was privileged to violate the law because of his duties as a volunteer fire-

fighter. The trial court rejected that proposition and we affirm.

Defendant is vice president of the Bear Creek Volunteer Fire Department. He testified that he was lying in bed on July 29, 1979 when he heard sirens. He dressed quickly, activated his automobile's flashing red light, and drove until he approached the scene of a traffic accident. He attempted to maneuver his automobile between two vehicles, and in doing so collided with the rear of a car parked on the road's shoulder.

A state trooper investigated the collision and, after performing field sobriety tests, arrested defendant for driving while under the influence of an intoxicant. A breathalyzer test performed at the Clintonville Police Department showed that defendant's blood contained 0.12 percent by weight of alcohol.

A jury trial was held February 11, 1980. Defendant requested that the following instruction, based on sec. 939.45(3), Stats., be given to the jury:

However, you are further instructed that when a defendant's conduct is in good faith and is an apparently authorized and reasonable fulfillment of any duties of a public office, the defendant's conduct thereby becomes privileged and is a defense to the charge of operating under the influence of an intoxicant.

The court refused to give the instruction, ruling that the defense of privilege did not apply to the facts of the case.

The sole issue raised on appeal from defendant's conviction of driving while under the influence of an intoxicant is whether he was privileged to commit that offense by virtue of sec. 939.45(3), Stats. That statute provides:

The fact that the actor's conduct is privileged, although otherwise criminal, is a defense to prosecution for any crime based on that conduct. The defense of privilege can be claimed under any of the following circumstances:
. . . .

(3)  When the actor's conduct is in good faith and is an *apparently authorized and reasonable fulfillment of any duties of a public office.*  (Emphasis added.)

Defendant contends that the evidence was sufficient to show that he acted in good faith in accordance with his duties as a firefighter and he was thus entitled to an instruction on privilege.  We need not decide whether defendant was fulfilling his duties as a public officer.  We hold that privilege is not a defense when a firefighter commits the crime of driving while under the influence of an intoxicant while fulfilling the duties of his or her office because driving while under the influence of an intoxicant is not an "apparently authorized" duty of a public office.

No statute authorizes a firefighter to drive while under the influence of an intoxicant in the performance of his or her duties.  No part of the duties of a firefighter apparently authorizes him or her to drive while intoxicated.  No case suggests that firefighters are apparently authorized to drive while intoxicated.  Common sense suggests the opposite is true in a situation where judgment and skill are vital.

We conclude that defendant had no apparent authority to engage in the conduct of driving while under the influence of an intoxicant and therefore may not claim a privilege under sec. 939.45(3), Stats., as a defense to the crime of driving while under the influence of an intoxicant.

*By the Court.*—Judgment affirmed.